**Desta Tesfai HAILU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71356.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 1, 2004.*

Decided Sept. 9, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Madhu N. Sharma, Law Offices of Steven R. Landaal, Santa Monica, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Hillel Smith Fax, U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, TASHIMA, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Desta Tesfai–Hailu, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance without opinion of an Immigration Judge's ("IJ") final order denying her applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review and remand.

The IJ made an adverse credibility finding against Tesfai–Hailu, which we review for substantial evidence. *See Lata v. INS,*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

204 F.3d 1241, 1245 (9th Cir.2000). While "we accord substantial deference to an IJ's credibility finding[,] ... [w]hen the IJ provides specific reasons for the questioning of a witness's credibility, this court may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003) (quotations and citations omitted). None of the stated bases for the adverse credibility finding is supported by substantial evidence.

■ First, the IJ noted alleged inconsistencies in Tesfai–Hailu's testimony concerning the date when she moved to Addis Ababa and the dates during which she attended high school. However, minor discrepancies in dates that reveal nothing about an applicant's fear for her safety are not sufficient to support an adverse credibility determination. *Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988).

■ Second, the IJ noted an inconsistency between Tesfai–Hailu's application for asylum, which stated that she was Vice Chairwoman of the Kebele's Women's Organization, and her in-court testimony, in which she testified that she was Chairwoman of the Kebele Youth Association. During her testimony, Tesfai–Hailu offered an explanation for this discrepancy: She testified that someone had assisted her in preparing the application and that the mistakes were made by the preparer. The IJ did not comment on Tesfai–Hailu's explanation nor suggest any reason why the explanation was not credible. Under these circumstances, the inconsistency does not, standing alone, constitute substantial evidence supporting an adverse credibility determination. *See Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir.1998).

Third, the IJ stated that Tesfai–Hailu's testimony concerning the dates she served as Chairwoman of the Kebele Youth Association was vague and non-responsive. The IJ failed, however, to refer to any specific examples of vague or non-responsive testimony. From the IJ's single-sentence analysis, coupled with our review of the record, we cannot discern which of Tesfai–Hailu's responses the IJ found inadequate or which questions she allegedly refused to answer.

■ Fourth, the IJ found it implausible that the Kebele Youth Association would have elected Tesfai–Hailu to serve as Chairwoman of the Association when she was only fourteen years old. The IJ stated that "[t]he Court has serious doubts that the Kebele youth organization would have elected a 14–year–old to head the organization ... when fighting was extremely intense in Ethiopia." Tesfai–Hailu's testimony on this matter clearly surprised the IJ, but conjecture and speculation cannot replace substantial evidence. *See Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir.1996) (holding that an IJ's "astonishment" regarding aspects of the petitioner's testimony was "conjecture" that could not "substitute for substantial evidence").

■ Fifth, the IJ found that Tesfai–Hailu's testimony concerning her duties as Chairwoman of the Kebele Youth Association was extremely vague. The record shows, however, that Tesfai–Hailu explained that her duties included developing programs with the Red Cross and teaching political doctrines to association members. The IJ erroneously faulted Tesfai–Hailu for not providing further details about her duties as Chairwoman, and her concern for more specific information does not constitute a valid ground for denying Tesfai–Hailu's claim. *See Akinmade v. INS*, 196 F.3d 951, 957 (9th Cir.1999).

■ Sixth, the IJ questioned several aspects of Tesfai–Hailu's testimony regarding her torture and abuse at the hands of the Ethiopia People's Revolutionary Democratic Front ("EPRDF"). Some of these aspects do not go to the heart of Tesfai–Hailu's claim, and thus do not support the IJ's adverse credibility determination. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002). For instance, that Tesfai–Hailu lacked knowledge of the meaning of "EPRDF," and that she first testified that she was beaten with a "plastic stick," but later referred to it as a "rubber hose," do not go to the heart of her claim. With respect to the remaining aspects of Tesfai–Hailu's testimony regarding her torture and abuse at the hands of the EPRDF, the IJ engaged in speculation and conjecture. The IJ asserted that "if [Tesfai–Hailu] had truly been detained for a period of three months, that surely she would have known the location of her detention." Likewise, the IJ stated that "[t]his Court finds it difficult to believe that members of the EPRDF ... thought that [Tesfai–Hailu] was ... involved in the persecution of others. The Court does not believe that [Tesfai–Hailu] would have been released ... if the [EPRDF] truly believed that [she] had ... been involved with the persecution of others." Finally, the IJ stated that she found it "extremely questionable" that the EPRDF had beaten Tesfai–Hailu repeatedly but that no permanent scars remained on her body. The IJ's conjecture and speculation on these matters cannot substitute for substantial evidence. *See Lopez–Reyes,* 79 F.3d at 912.

Seventh, the IJ questioned two aspects of Tesfai–Hailu's testimony concerning her release from prison and departure from Ethiopia. First, the IJ noted that while Tesfai–Hailu testified that the bribe her mother paid between June and August of 1992 to procure her release from jail included payment for a passport, Tesfai–

Hailu's passport reflects that it was issued on March 29, 1992, months before her mother allegedly paid the bribe. Since the passport was obtained by bribery, however, there is no reason to expect the information it contains to be accurate in all respects. Second, the IJ found it implausible that Tesfai–Hailu's mother was able to obtain a F–1 student visa by fraud. Once again, however, this is simply conjecture and speculation.

■ Eighth, the IJ discredited Tesfai–Hailu's testimony regarding the death of her brother, citing a lack of sufficient documentation substantiating her claim that her brother was killed by the EPRDF. It is well established that "corroborative evidence is not necessary for a petitioner to establish past persecution," *Garrovillas,* 156 F.3d at 1016, and "the fact that an applicant's evidence 'is not as complete as might be desired cannot, without more, properly serve as a basis for a finding of a lack of credibility.'" *Shah v. INS,* 220 F.3d 1062, 1070 (9th Cir.2000) (quoting *Akinmade,* 196 F.3d at 956). Since the record reveals that Tesfai–Hailu's testimony regarding the death of her brother was, overall, consistent and detailed, her failure to submit additional corroborative evidence cannot form a basis for the IJ's adverse credibility determination.

■ Finally, the IJ's adverse credibility determination specifically cited Tesfai–Hailu's demeanor during her testimony. The IJ stated that "the Court was able to observe the demeanor of [Tesfai–Hailu], and the Court unfortunately does not believe that [she] has testified in a credible and forthright manner." To support an adverse credibility determination based on a petitioner's demeanor, the IJ must identify particular instances where the petitioner's demeanor indicated that he was not testifying credibly. *Singh,* 301 F.3d at

1114. Here, the IJ failed to identify any particular instances where Tesfai–Hailu's demeanor indicated that she was not testifying in a credible and forthright manner.

In sum, the IJ's adverse credibility finding is not supported by substantial evidence. Because the IJ denied Tesfai–Hailu's applications for asylum and withholding of removal based solely on an adverse credibility finding, we remand this matter to the BIA for further proceedings to determine whether, accepting Tesfai–Hailu's testimony as credible, she is eligible for asylum or withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

PETITION GRANTED; REVERSED and REMANDED.